UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALESIA TORRES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. CIV-20-737-PRW |
| | § | |
| ACCOUNT RESOLUTION SERVICES, | § | |
| Defendant. | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Account Resolution Services ("ARS"), Defendant in the above-referenced action, and files this Answer and Affirmative Defenses in response to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## I.   INTRODUCTION

1. Paragraph 1 sets forth allegations and legal conclusions to which no response is required. To the extent a response is required, ARS admits that Plaintiff's Complaint attempts to bring claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, but denies the allegations in this paragraph to the extent they allege or imply wrongdoing by ARS.

## II.   JURISDICTION AND VENUE

2. ARS admits that jurisdiction is proper in this Court. ARS denies the remaining allegations in paragraph 2.

## III.   PARTIES

3. ARS admits that Plaintiff is a natural person. ARS lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 3.

4. ARS admits it has an office at 1643 NW 136th Avenue, Sunrise, Florida, 33323. ARS denies the remaining allegations in paragraph 4.

5. ARS admits that its business includes the attempt to collect outstanding account balances and uses the telephone and mail to conduct its business. ARS denies the remaining allegations in paragraph 5.

## IV.    FACTS OF THE COMPLAINT

6. ARS admits that in certain circumstances and instances it acts as a "debt collector" as defined by FDCPA.

7. ARS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. ARS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. ARS admits that it reported three unpaid accounts to the credit bureau for the services provided to Plaintiff at the Southwest Medical Center in Oklahoma City, OK. ARS denies any remaining allegations in paragraph 9.

10. ARS denies the allegations in paragraph 10.

11. ARS lacks knowledge or information sufficient to form a belief as to the whether Ms. Torres reviewed her credit report.  ARS denies the remaining allegations in paragraph 11.

12. ARS denies the allegations in paragraph 12.

## V.    FIRST CLAIM FOR RELIEF 15 U.S.C. § 1692E(8)

13. ARS repeats and re-alleges the responses to all previous paragraphs as if fully set out herein.

14. ARS denies the allegations in paragraph 14.

15. ARS denies the allegations in paragraph 15.

16. ARS denies the allegations in paragraph 16.

## VI.    JURY DEMAND AND PRAYER FOR RELIEF

ARS denies that Plaintiff is entitled to the relief she seeks.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim upon which relief may be granted.

2.    At all pertinent times, ARS complied with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., and any and all other applicable state and/or federal laws.

3.    Any violation of law, which is specifically denied, was not intentional and resulted from a bona-fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  *See* 15 U.S.C. §1692k(c).

4.    Plaintiff has not suffered any alleged actual damages.

5.    Plaintiff lacks standing to assert the claims alleged in Plaintiff's Complaint. Plaintiff lacks Article III standing to the extent Plaintiff is unable to show that Plaintiff incurred any concrete and particularized injury.

6.    ARS affirmatively alleges that claims alleged in Plaintiff's Complaint may be barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

7.    ARS reserves the right to assert additional affirmative defenses as discovery

warrants.

Account Resolution Services prays that Plaintiff take nothing through her claims asserted, that the lawsuit be dismissed with prejudice and on the merits, and that ARS be awarded its attorneys' fees and costs, and for any other relief to which ARS may be entitled to in law or in equity or that the Court deems just and proper.

Respectfully submitted,

By: */s/ Linda S. Ressetar*
Linda Szuhy Ressetar
lressetar@thompsoncoe.com
OBA# 17905
Thompson, Coe, Cousins & Irons, L.L.P.
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201
Telephone (214) 871-8200
Facsimile (214) 871-8290

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2020, a copy of the foregoing document was served on counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure via the Court's ECF system to the following counsel:

Jeffrey A. Wilson
**JW Law Firm, LLC**
780 Morosgo Dr NE#14893
Atlanta, GA 30324
jeff@jwcreditlawyers.com

*/s/ Linda S. Ressetar*
Linda S. Ressetar