UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

ALESIA TORRES )
        Plaintiff, )
 )
v. ) Case No. 5:20-cv-00737-PRW
 )
ACCOUNT RESOLUTION SERVICES )
        Defendant. )
 )
 )

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference:        Status Conference set for Tuesday, November 2, 2020.

Appearing for Plaintiff:        Jeffrey A. Wilson
        **JW Law Firm, PLLC**
        780 Morosgo Dr NE #14893
        Atlanta, GA 30324
        Phone: (832) 422-6362
        Fax: (888) 248-8087
        jeff@jwcreditlawyers.com

Appearing for Defendant:        Linda S. Ressetar
        **Thompson, Coe, Cousins & Irons, LLP**
        700 N. Pearl St. 25th Floor
        Dallas, Texas 75201
        Phone: (214) 871-8200
        Fax: (214) 871-8290
        lressetar@thompsoncoe.com

**Jury Trial Demanded ☒ - Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

- **Plaintiff:** This is an action for actual and statutory damages by Plaintiff Alesia Torres, an individual consumer, against Defendant Account Resolution Services for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiff contends that Defendant violated 15 U.S.C. § 1692e(8) by not disclosing that Plaintiff had disputed her accounts.

- **Defendant:** Defendant denies Plaintiff's claims or any liability to Plaintiff. Defendant contends that it complied with the Fair Debt Collection Practices Act ("FDCPA") and any all other applicable state and/or federal laws and statues. In the alternative, any violation of the FDCPA, which is specifically denied, was not intentional and resulted from a bona-fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Defendant has asserted several applicable affirmative defenses.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

- 28 U.S.C. § 1331. Plaintiff has asserted claims under a federal statute.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

- The parties are unable to stipulate to any facts at this time.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. Plaintiff: As a result of the actions and inactions of Defendant, Plaintiff suffered damages and respectfully request that this Court enter judgement in favor of Plaintiff and against Defendant Account Resolution Services for:

      i. Judgment that Defendant violated the FDCPA;
      ii. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
      iii. Statutory damages pursuant to 15 U.S.C. § 1692k(2);
      iv. Costs and reasonable attorney's fees incurred in this action pursuant to 15 U.S.C. § 1692k(3);
      v. For such other and further relief as the Court may deem just and proper.

b. <u>Defendant</u>:   Defendant denies that Plaintiff is entitled to any relief sought or that defendant has any liability to Plaintiff. Defendant contends that it did not cause any damage to Plaintiff.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

☐ Yes  ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

- On October 19, 2020 Plaintiff filed a Motion to Strike Defendant's Affirmative Defenses.
- Defendant's deadline to file a Response to Plaintiff's Motion to Strike Defendant's Affirmative Defenses is November 09, 2020.

7. **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   ☐ Yes   ☒ No
If "no," by what date will they be made?

- <u>November 2, 2020.</u>

8. **PLAN FOR DISCOVERY**.

    A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on October 21, 2020.

    B. The parties anticipate that discovery should be completed within <u>6</u> months.

    C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>3</u> months.

    D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

    ☒ Yes       ☐ No

    The parties have agreed to produce electronically stored information in searchable PDF format.

    E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        ☒ Yes    ☐ No

        To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

        The parties agree to adopt the procedure under Federal Rule of Civil Procedure 26(b)(5)(B) with respect to privileged information that is inadvertently disclosed.

    F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

        <u>None at this time.</u>

9. **ESTIMATED TRIAL TIME**: 1 day.

10. **BIFURCATION REQUESTED**: ☐ Yes ☒ No

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good   ☒ Fair   ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.    Compliance with LCvR 16.1(a)(1) - ADR discussion:  ☒ Yes  ☐ No

    B.    The parties request that this case be referred to the following ADR process:

        ☐ Court-Ordered Mediation subject to LCvR 16.3
        ☐ Judicial Settlement Conference
        ☐ Other _____
        ☒ None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>?   ☐ Yes   ☒ No

14. <u>Type of Scheduling Order Requested</u>.   ☒ Standard -   ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 27th day of October.

                                      Respectfully submitted:

**JW Law Firm, PLLC**
780 Morosgo Dr NE #14893
Atlanta, GA 30324
Phone: (832) 422-6362
Fax: (888) 248-8087
jeff@jwcreditlawyers.com

By:  _____
    JEFFREY A. WILSON


By:  /*s/* Linda S. Ressetar  _____
Linda Szuhy Ressetar
lressetar@thompsoncoe.com
OBA# 17905
Thompson, Coe, Cousins & Irons, L.L.P.
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201
Telephone (214) 871-8200
Facsimile (214) 871-8290

ATTORNEYS FOR DEFENDANT